UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| BAMM PAUL OH,<br>      Plaintiff, | No. 3:20-cv-237 (SRU) |
| v. | |
| APRN SAPRANO, et al.,<br>      Defendants. | |

**ORDER**

Bamm Paul Oh, currently confined at MacDougall-Walker Correctional Institution, filed a motion for immediate release from custody based on the current COVID-19 crisis. *See* Mot. for Release from Custody, Doc. No. 17. His motion is **denied without prejudice** to refiling in state court.

### I.    Background

On October 6, 2016, Oh pled guilty to robbery in the first degree, in violation of Conn. Gen. Stat. § 53a-134(a)(4). *Bamm Paul Oh*, Criminal/Motor Vehicle Conviction Case Detail, *State of CT Judicial Branch*, https://www.jud2.ct.gov. Oh was sentenced to ten years' imprisonment, execution suspended after five years, and five years' probation. Thus, Oh's release date is April 12, 2021. *Bamm Paul Oh*, Inmate Information, *CT State Dep't of Corr.*, http://www.ctinmateinfo.state.ct.us.

On February 20, 2020, Oh filed a complaint against numerous employees of the Connecticut Department of Corrections ("DOC") pursuant to 42 U.S.C. § 1983. *See* Compl., Doc. No. 1. In his complaint, Oh alleges that the Defendants exhibited a deliberate indifference to his medical needs in violation of his Eighth Amendment right to be free from cruel and

unusual punishments.  *See id.*  In particular, Oh alleges that he has a debilitating skin condition that the Defendants have neglected.

On April 15, 2020, Oh filed the instant motion for immediate release from custody.  *See* Mot. for Immediate Release from Custody, Doc. No. 17.  In that motion, Oh asks to be released, in part, because he "do[es] not trust, . . . or believe that the medical staff or officers are trained to handle the COVID[-]19 is[s]ues if this virus is b[r]ought into this prison," and he does not "believe my body at this time can[] handle it."  *See id.* at 1.

## II.     Discussion

I cannot order Oh's release because this case is a civil rights action that Oh has brought pursuant to section 1983.  As a state prisoner seeking relief in federal court, Oh cannot challenge the duration of his confinement in a section 1983 action; he can do so only by petition for a writ of habeas corpus.[1]  *See Preiser v. Rodriguez*, 411 U.S. 475, 487–90 (1973) (holding that a state prisoner challenging the length of confinement and requesting immediate release must do so by a habeas petition, not by a section 1983 suit); *Murphy v. Travis*, 36 F. App'x 679, 681 (2d Cir. 2002) (holding that a state prisoner's request for injunctive relief in a section 1983 case was "tantamount to seeking relief from confinement and is thus barred by the Supreme Court's decision in *Preiser*").  Accordingly, I do not have the authority to grant the relief that Oh seeks.  Oh may, of course, bring the same motion in state court.

---

[1]  As amended by the First Step Act of 2019, 18 U.S.C. § 3582(c)(1)(A) authorizes me to reduce a term of imprisonment if, after considering the factors set forth in section 3553(a), I conclude, in relevant part, that "extraordinary and compelling reasons warrant such a reduction," and that "such a reduction is consistent with applicable policy statements issues by the Sentencing Commission."  That relief, however, is available only to individuals incarcerated for federal offenses and so is unavailable here.  *See United States v. Rivernider*, 2020 WL 597393, at *2 (D. Conn. Feb. 7, 2020) ("The First Step Act . . . modified the compassionate release statute to enable a *federal prisoner* to petition the sentencing court for a reduction in his sentence.") (emphasis added).

### III.    Conclusion

Oh's motion for immediate release from custody, doc. no. 17, is **denied without prejudice**.

So ordered.

Dated at Bridgeport, Connecticut, this 13th day of May 2020.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge